11-4240 (L)
United States v. LaRose

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                        **Chief Judge,**
              GUIDO CALABRESI,
              ROBERT D. SACK,
                                        **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
              **Appellee,**

       -v.-                                      11-4240 (Lead)
                                                 12-729  (Con)

JERMAINE BRANFORD, AKA SEALED
DEFENDANT 1, AKA HOVIE, TRAVIS
BATTISTE, MIZAIR LICONA, AKA SEALED
DEFENDANT 6, HEATHER LAFAVE, EVERDA
BARON, PATRICK MCINTYRE, AKA SEALED
DEFENDANT 9, AKA SHINE, ARRON GUNN,
AKA SEALED DEFENDANT 10, AKA TEXAS,
AKA STEVEN DUNN, SEMEATHEA LEAKE, AKA
SEALED DEFENDANT 11, AKA SEMEATHEA
LEAKE-ROBERTS, AKA MEME,

              **Defendants,**

1

**ENAL C. LAROSE, AKA SEALED DEFENDANT 2, AKA EZ, TYRONE FELDER, AKA SEALED DEFENDANT 3, AKA T-BONE,**

      **Defendants-Appellants.**
- - - - - - - - - - - - - - - - - - - - - - -X


**FOR APPELLANT LAROSE:**       ENAL C. LAROSE, <u>pro se</u>.

**FOR APPELLANT FELDER:**       J. SCOTT PORTER, Seneca Falls, New York.

**FOR APPELLEES:**       BRENDA K. SANNES (Carla B. Freedman, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney's Office for the Northern District of New York, Syracuse, New York.

     Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, <u>J.</u>) .

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Defendants Tyrone Felder and Enal C. LaRose challenge the substantive reasonableness of a sentence imposed by the United States District Court for the Northern District of New York (Mordue, <u>J.</u>) after they pled guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine. On September 29, 2011, the court sentenced LaRose to 151 months of imprisonment and five years of supervised release. On February 16, 2012, the court sentenced Felder to 262 months of imprisonment, to be followed by eight years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     The substantive reasonableness of a sentence is reviewed for abuse of discretion. <u>United States v. Hasan</u>, 586 F.3d 161, 167-68 (2d Cir. 2009). A substantive reasonableness inquiry must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the

2

institutional advantages of district courts." <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (<u>in banc</u>).

The Guidelines range for Felder, a career offender with two prior felony convictions, was 262 to 327 months. The sentence was therefore at the low end of this Guidelines range, at 262 months. On appeal, Felder argues that the district court should have imposed a sentence within the Guidelines range (151 to 188 months) that would have applied absent his career offender status.

However, Felder does not challenge his career offender status, nor does he point to any procedural flaws committed by the district court. Instead, he argues that the court should have exercised discretion under 18 U.S.C. § 3553 to recognize Felder's troubled upbringing, his inferior role in the criminal operation, and his good faith efforts to keep legitimate employment. He also asserts that the district court gave excessive weight to the fact that he cooked crack cocaine. Finally, he points to the disparities between his sentence in this case and his prior drug offense sentences, and between his sentence and those of his co-defendants.

While such factors may influence a trial judge's sentencing determination, they do not mandate vacatur here. The Court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>Cavera</u>, 550 F.3d at 189 (internal quotation marks and citation omitted). The district court's sentence was well within the range of permissible decisions.

Counsel for LaRose has submitted a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting the absence of any non-frivolous appellate issue. Counsel suggested that LaRose had received a sentence of 120 months and that, as a result, LaRose was bound by the waiver of his right to appeal any sentence at or below 120 months imprisonment, as set forth in his plea agreement. <u>Anders</u> Br., Counsel for LaRose, 9. But LaRose's sentence was 151 months. Consequently, there was no waiver. The brief does not thereafter adequately discuss the presence or absence of any non-frivolous issue.

Nevertheless, after examining the record independently and with care, we have not been able to find any non-frivolous issue. LaRose argues pro se that his attorney and the government misrepresented to him that he would receive a sentence of 120 months or less. Yet, LaRose twice affirmed that he had not been made any promises, other than those in the plea agreement, that induced him to plead guilty. His appeal is therefore without merit.

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **GRANT** the motion to withdraw filed by LaRose's counsel (and the government's motion for summary affirmance). The judgment of the district court is hereby **AFFIRMED**. Any application for fees under the Criminal Justice Act, 18 U.S.C. § 3006A, by LaRose's counsel is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK